IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BARBEE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 04-4063 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and COMPSERVICES, INC., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 11th day of April, 2005, upon consideration of Defendant's, Southeastern Pennsylvania Transportation Authority ("SEPTA"), Motion to Dismiss Plaintiff's Complaint, or in the alternative, for Summary Judgment (Doc. No. 4) and the Response thereto,[1] it is hereby **ORDERED** that:

1. SEPTA's Motion is **GRANTED IN PART** as Plaintiff's RICO and substantive FMLA claims are **DISMISSED**;[2] and

---

[1] SEPTA filed its Motion on February 9, 2005. On March 10, 2005, at my instruction, chambers called Plaintiff's counsel to inquire if the Motion was opposed as it had gone unanswered. Plaintiff's counsel advised chambers that the response would be filed by Monday, March 14, 2005. On that date no response was filed by Plaintiff, but Plaintiff's counsel called chambers and advised that he had been in an automobile accident and advised that the response would be filed by March 18, 2005. Apparently, Plaintiff's counsel was not keeping defense counsel abreast of his problems because on March 18, 2005, I received a letter from SEPTA's counsel explaining Local Rule of Civil Procedure 7.1(c). However, using my discretion, I will consider the Motion on the merits.

[2] Dismissal of Plaintiff's RICO claim against SEPTA is warranted pursuant to the reasons discussed in my Memorandum Opinion dismissing the claims against Compservices, Inc.
     Dismissal of Plaintiff's substantive FMLA claim against SEPTA is also warranted. The FMLA entitles "employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse or parent who has a serious health condition." 29

      2.      SEPTA's Motion is **DENIED IN PART** as to Plaintiff's remaining claims.[3]

BY THE COURT:

/s/ Robert F. Kelly
Robert F. Kelly      Sr. J.

---

U.S.C. § 2601(b)(2).  Such a right under the FMLA is labeled as a substantive right, and it relates to the ability to take twelve weeks unpaid leave.  See Panto v. Palmer Dialysis Center/Total Renal Care, No. 01-6013, 2003 WL 1818990, at *6 (E.D. Pa. April 7, 2003).  "The protection offered by the FMLA is strictly limited to the twelve-week period . . . . [and] [t]he FMLA does not provide any protection beyond that statutory maximum." Frederick v. Brandywine Hosp., Inc., No. 03-3362, 2003 WL 21961372, at *1 (E.D. Pa. July 7, 2003)(citation omitted).  In Frederick, the court dismissed plaintiff's complaint, noting that "[t]he plaintiff concedes that she was away from her employment for a period in excess of twelve weeks.  The plaintiff is not entitled to any relief under the FMLA." Id.  Similar to Frederick, Plaintiff's Complaint admits that he was away from employment from July 19, 2002 until his termination on January 17, 2003.  Thus, Plaintiff admits that he was out for longer than the statutory maximum under the FMLA.  As such, Barbee's substantive FMLA claim must be dismissed.

[3] Plaintiff states in his Complaint that he is seeking punitive damages.  Regarding Plaintiff's claims under Title VII and the Americans with Disabilities Act, such a request for punitive damages under these federal acts cannot remain against SEPTA.  See Taylor v. Phoenixville Sch. Dist., 113 F. Supp. 2d 770, 777 (E.D. Pa. 2000); Poli v. SEPTA, No. 97-6766, 1998 WL 405052, at *14 (E.D. Pa. July 7, 1998).  However, the Age Discrimination in Employment Act does allow for liquidated damages, which are punitive in nature, against a political subdivision of the state.  See Potence v. Hazleton Area School Dist., 357 F.3d 366, 373 (3d Cir. 2004)(stating FLSA provisions incorporated in ADEA provide for imposition of liquidated damages against any employer, including a public agency and that definition of public agency includes a political subdivision of the state).